## LENSING v. RAYZOR.
### No. 5578.

Circuit Court of Appeals, Fifth Circuit.
May 28, 1930.

J. P. Dreibelbis and Eugene P. Locke, both of Dallas, Tex. (Locke, Locke, Stroud & Randolph, of Dallas, Tex., on the brief), for appellant.

J. Newton Rayzor, of Houston, Tex. (Royston & Rayzor, of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

The First National Bank of Denton, Tex., was closed for business and appellant appointed receiver by the comptroller on August 4, 1928. The receiver found among the assets a note for $4,000, due July 26, 1929, and signed by J. Fred Rayzor, appellee. Appellee brought suit against the receiver to have this note canceled and returned to him and for an injunction to prevent its collection. The District Court entered judgment in favor of appellee, to reverse which this appeal is prosecuted.

The facts are not in dispute. It appears that in January, 1926, T. T. Piper was indebted to the bank in the sum of $8,320 and had pledged 40 shares of the bank's stock as security. He became bankrupt and a bank examiner criticized the transaction and required the bank to do something to correct it. Some one, it is not shown who, forged a note purporting to be signed by appellee, and made a fictitious sale of 20 shares of the bank's stock to him. He was entirely in ignorance of this transaction, but the note went into the assets of the bank. When it became due, H. F. Schweer, president of the bank, a man of good reputation both for honesty and banking ability, and a personal friend of appellee, induced him to execute a note of $4,000. Appellee received no credit or other consideration for this note and Schweer guaranteed him against any liability on it. When this note fell due appellee issued another note of like tenor which is the note in suit. Appellee was a depositor in the bank and also carried accounts there for two ice companies with which he was connected and occasionally made loans with the bank. Further than this, he had no connection with it; that is, he was not either a stockholder, a director, or an officer.

The District Court reached the conclusion that appellee was wholly unacquainted

with banking business and had unlimited confidence in the president of the bank; that he received no consideration whatever for the note and had done nothing to estop himself.

Citation of authority would be useless, as a decision of the case must depend upon the facts appearing in the record. Of course, in some instances a consideration moving to the bank or the fulfillment of a duty by an officer of a bank is sufficient consideration for an accommodation note. But such is not the situation here presented.

We agree with the District Court.

Affirmed.